[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7207
The plaintiff Sikorsky Federal Credit Union has brought suit on a note in the amount of $5,253.64, allegedly signed by one, Margaret Ontko, on May 8, 1989. The note provided for 59 consecutive monthly payments of $128.03 commencing June 30, 1989, and one additional final payment of $127.94. Margaret Ontko paid the June installment but defaulted on the July/August and all subsequent monthly payments. On October 6, 1989, Donna L. Ontko, Margaret's daughter, was appointed conservatrix for the person and estate of Margaret Ontko, and is being sued as the defendant.
The defendant has pleaded the special defense of mental incompetency on the part of Margaret Ontko, rendering her legally incapable of executing the note in question.
As indicated, the note in question was executed on May 8, 1989. Prior to this date, January 27, 1989, Margaret Ontko had been admitted to Bridgeport Hospital where she had been diagnosed as suffering from paranoia and delusions. A Doctor, Felix Gottlieb, found her disorganized and hallucinated and appears to have come to the conclusion that she probably had been suffering from an untreated, underlying mental illness for years but felt that the precipitating reason for the hospital admission was the death of her boyfriend and long time lover. Under medication her condition gradually improved, and she was discharged February 19, 1989, it being noted in the hospital record that her daughter and Dr. Gottlieb agreed that she was ready to be discharged.
The only testimonial evidence of Margaret Ontko's mental condition after her discharge February 19, 1989 was adduced through her daughter, Donna. Donna testified that after discharge her mother was calm under medication. During March and April of 1989, however, her behavior began to change. She became annoying, abrasive and demanded money. She was unkempt, her clothes were torn and her personal hygiene left much to be desired. In September 1989, she was uncontrollable and Donna was receiving calls from Twin Towers where Margaret lived concerning her behavior. She was finally admitted into the Bridgeport Hospital psychiatric ward and on October 6, 1989, Donna was appointed conservatrix in the Bridgeport Probate Court. CT Page 7208
The precise issue in this case is whether on May 8, 1989, when the note in question was executed, Margaret Ontko was capable of managing her affairs, knew what she was doing and understood the force and effect of the same. Winnick v. Parish,142 Conn. 468, 473. The controlling question is as to her mental capacity when she executed the note. . . ." at that very time and none other." Jackson v. Waller, 126 Conn. 294, 302.
The evidence reveals that around the time of the execution of the note, Margaret Ontko was handling her own social security checks, paying for gas, insurance and shopping for groceries. She was able to use public transportation and knew where she wanted to go. It also appears that whatever underlying mental condition she might have had was controllable by medication. The most revealing piece of evidence is Ex. 2, a letter she wrote to the Credit Union Staff indicating her purpose in securing the loan evidenced by Ex. A. Her desire was to pay off the loan owed by her close friend and lover, Julius Wasilewski, who had given her a car partially paid for by the proceeds from the state lottery. In addition, she wanted $700.00 to pay the sales tax on the purchase of the car. She wanted her dear friend to "rest in peace" and did not want the plaintiff to incur a loss after having helped her friend. While she might have undertaken an unnecessary obligation, her purpose was clear and did not indicate that she did not understand what she was doing or the consequences of the transaction.
The burden was on the defendant to prove by a fair preponderance of the evidence, Margaret Ontko's mental incapacity to execute the note in question on May 8, 1989. This the defendant has failed to do.
The issues are found in favor of the plaintiff and judgment may enter in favor of the plaintiff in the amount of $5,177.96 together with interest, costs and a reasonable attorney's fee.
BELINKIE, J. STATE TRIAL REFEREE